IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,321 & AP-75,322






EX PARTE ROBERT RORY HOHN, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


IN CAUSE NUMBERS 21,294 & 21,365 IN THE 253RD


DISTRICT COURT OF LIBERTY COUNTY






 Per curiam.



O P I N I O N




 Applicant was convicted of two counts of aggravated sexual assault and
punishment was assessed at confinement for fifty years. These convictions were
affirmed. Hohn v. State, Nos. 09-96-214-CR & 09-96-215-CR (Tex.App. - Beaumont,
delivered August 27, 1997, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition
for discretionary review because his appellate attorney did not timely notify him that the
conviction had been affirmed or what he needed to do to file such a petition. An affidavit
filed by appellate counsel states that counsel cannot specifically remember this case, but
that the appeals were affirmed on August 27, 1997, and that counsel has a letter dated
October 12, 1997, in which counsel advised Applicant that his appeals had been affirmed. 
The trial court has recommended that relief be denied because Applicant's delay of seven
years prevents the State from showing whether Applicant received timely notice. 
However, that finding is not supported by the record because it is based on counsel's
affidavit, which also shows that counsel sent notice of the affirmance to Applicant 45
days after the Beaumont Court of Appeals delivered the opinion in Applicant's appeals. 
A notice sent more than 30 days after the appellate opinion was delivered is not timely,
and Applicant is entitled to an opportunity to file an out-of-time petition for discretionary
review.

 Therefore, Applicant is entitled to relief. Ex parte Wilson, 965 S.W.2d 25
(Tex.Cr.App. 1997). The proper remedy in a case such as this is to return Applicant to
the point at which he can file a petition for discretionary review. He may then follow the
proper procedures in order that a meaningful petition for discretionary review may be
filed. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be
calculated as if the Court of Appeals' decision had been rendered on the day the mandate
of this Court issues. We hold that should Applicant desire to seek discretionary review,
he must take affirmative steps to see that his petition is filed in the Court of Appeals
within thirty days after the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: January 25, 2006

DO NOT PUBLISH


Cochran, J., dissents